IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HURFORD GLOBAL LLC, *an Illinois limited liability company*,

      Plaintiff,

  v.

ROM3 CALIFORNIA, LLC et al.,

      Defendants.

Case No.: 20-484 JPG

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled.  The Court has noted the following defect in the jurisdictional allegations of the complaint (Doc. 1) filed by plaintiff Hurford Global LLC:

> **Failure to allege the citizenship of each member of an unincorporated association.**  To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) (partnerships and limited liability companies are citizens of every state of which any member is a citizen); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998).  The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company.

> **Failure to allege the citizenship of an individual.**  A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence.  28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998).  Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905).  Dismissal is appropriate where parties allege residence but not citizenship.  *Held*, 137 F.3d at 1000.

The Court hereby **ORDERS** that plaintiff Hurford Global LLC shall have up to and including July 2, 2020 to amend the faulty pleading to correct the jurisdictional defect.  *See* 28 U.S.C. § 1653.  Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction. Amendment of the

faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Plaintiff is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: June 18, 2020**

                                                *s/J. Phil Gilbert*
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**